Justin Cilenti, Esq.
Peter Hans Cooper, Esq.
CILENTI & COOPER, PLLC
200 Park Avenue – 17th Floor
New York, NY 10166
T. (212) 209-3933
F. (212) 209-7102
E-mail: pcooper@jcpclaw.com
*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LIDIA VICENTE HIDALGO, on behalf of herself and others similarly situated, | Case No.    21 cv 6525 |
| Plaintiff, | **COMPLAINT in an FLSA ACTION** |
| -against- | |
| TACO INN CORP. dba TACO INN TAQUERIA and MARGARITA ORTEZ, individually, | ECF Case |
| | Jury Trial Demand |
| Defendants. | |

Plaintiff, Lidia Vicente Hidalgo ("Plaintiff"), on behalf of herself, and other similarly situated employees, by and through her undersigned attorneys, Cilenti & Cooper, PLLC, files this Complaint against Defendants, Taco Inn Corp., *doing business as* Taco Inn Taqueria, and Margarita Ortez, individually (collectively, "Defendants"), and states as follows:

## INTRODUCTION

1.      Plaintiff, Lidia Vicente Hidalgo, alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), she is entitled to recover from the Defendants: (1) unpaid minimum wages; (2) unpaid overtime compensation; (3)

liquidated damages; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

2.      Plaintiff, Lidia Vicente Hidalgo, further alleges that, pursuant to the New York Labor Law, she is entitled to recover from the Defendants: (1) unpaid minimum wages; (2) unpaid overtime compensation; (3) unpaid "spread of hours" premiums for each day she worked a span of greater than ten (10) hours; (4) liquidated damages and statutory penalties pursuant to the New York Wage Theft Prevention Act; (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5.      Plaintiff is an adult resident of Bronx County, New York.

6.      Defendant, Taco Inn Corp., dba Taco Inn Taqueria (herein, "Taco Inn"), is a domestic business corporation organized and existing under the laws of the State of New York, with its principal place of business at 1495 St. Nicholas Avenue, New York, New York 10033.

7.     At all times relevant to this action, the corporate defendant has been and is operating a Mexican restaurant, preparing and selling food and drink to the general public.

8.     The performance of Plaintiff's job responsibilities was controlled by the corporate and individual defendants.

9.     Upon information and belief, Defendant, Margarita Ortez, is the owner, general manager, officer, director and/or managing agent of Taco Inn, whose address is unknown at this time and who participated in the day-to-day operations of Taco Inn and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.A §203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Taco Inn.

10.     The individual defendant exercised control over the terms and conditions of her employees' employment, including Plaintiff, in that she had and has the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

11.     Defendant, Margarita Ortez, exercised sufficient control over Taco Inn's day-to-day operations as to be considered an employer of Plaintiff, under the FLSA and New York Labor Law. She established payroll policies and practices; maintained payroll records, controlled work schedules, hired employees, fired employees, and signed checks.

12.     Defendant, Margarita Ortez, directed Plaintiff's work and supervised her on a regular basis.

3

13.     Plaintiff, Lidia Vicente Hidalgo, was employed by Defendants in New York County, New York, to work as a cook/food preparer and cleaner at Defendants' Restaurant known as "Taco Inn" from in or about October 2020 through July 2, 2021, without interruption.

14.     At all relevant times, Taco Inn was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

15.     At all relevant times, the work performed by Plaintiff, Lidia Vicente Hidalgo, was directly essential to the restaurant business operated by Taco Inn Corp.

16.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff, Lidia Vicente Hidalgo, lawfully earned wages and minimum wages in contravention of the FLSA and New York Labor Law.

17.     At relevant times, Defendants knowingly and willfully failed to pay Plaintiff, Lidia Vicente Hidalgo, lawfully earned overtime wages in contravention of the FLSA and New York Labor Law.

18.     At relevant times, Defendants knowingly and willfully failed to pay Plaintiff, Lidia Vicente Hidalgo, lawfully earned "spread of hours" premiums in contravention of New York Labor Law, on occasions when it was applicable.

19.     Plaintiff, Lidia Vicente Hidalgo, has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

20.     In or about October 2020, Plaintiff, Lidia Vicente Hidalgo, was hired by Defendants to work as a food preparer at Defendants' restaurant known as "Taco Inn" located at 1495 St. Nicholas Avenue, New York, New York 10033.

4

21.     Plaintiff, Lidia Vicente Hidalgo, worked for the corporate and individual Defendants in the capacity of a food preparer, making tortillas and Mexican appetizers, and cleaner, beginning in October 2020, through July 2, 2021, without interruption.

22.     During Plaintiff's employment by Defendants, she worked over forty (40) hours per week. Plaintiff generally worked six (6) shifts per week. Her typical assigned schedule was 7:00 a.m. through 3:00 p.m. or 4:00 p.m., and she often stayed late to clean the kitchen after her shift. Plaintiff worked fifty (50) or more hours most weeks.

23.     Plaintiff was not paid minimum wages or overtime wages. Plaintiff was paid a flat rate of six hundred fifty dollars ($650.00) and worked six (6) shifts per week. She was not paid hourly, or for every hour worked, and, work performed above forty (40) hours per week was not paid at time and one-half the statutory minimum rate of pay as required by state and federal law.

24.     Plaintiff did not earn gratuities.

25.     Plaintiff Lidia Vicente Hidalgo was paid in cash, and she was not given a wage statement or other legally required documentation of her hours, hourly rate, and pay.

26.     Neither at the time of hire, nor at any time thereafter, did Defendants provide Plaintiff with a written wage notice identifying her regular hourly rate of pay and corresponding overtime rate of pay.

27.     Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to the Plaintiff and other similarly situated employees.

28.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

29.     Defendants knowingly and willfully operated their business with a policy of not paying New York State "spread of hours" premiums to Plaintiff and other similarly situated employees.

30.     At all relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time records. Indeed, Plaintiff did not punch in and out or otherwise record her working hours, and, upon information and belief, no record of Plaintiff's hours was maintained.

31.     Defendant, Margarita Ortez, is an individual who, upon information and belief, owns the stock of Taco Inn, owns Taco Inn, and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

## COLLECTIVE ACTION ALLEGATIONS

32.     Plaintiff brings this action individually and as representative on behalf of herself and all other current and former non-exempt employees who have been or were employed by Defendants between August 2018 through the date that the opt-in period expires as set by the Court (the "Collective Action Period"), and who were compensated at rates less than the statutory minimum wage, and less than time and one-half the

6

statutory minimum wage, for all hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

33.     The collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are dozens of individuals who worked for the Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims.   Therefore, Plaintiff submits that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

34.     Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

35.     This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

36.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action

Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

37.     Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

a.     Whether the Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA;

b.     Whether the Defendants failed to keep accurate wage and hour records for hours worked by Plaintiff and the Collective Action Members;

c.     What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

d.     Whether the Defendants failed to pay Plaintiff and the Collective Action Members minimum wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

e.     Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

f.     Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, attorneys' fees, and costs and disbursements.

38.     Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

39.     Plaintiff and others similarly situated have been substantially damaged by the Defendants' wrongful conduct.

### STATEMENT OF CLAIM
### COUNT I
### [Violation of the Fair Labor Standards Act]

40.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "39" of this Complaint as if fully set forth herein.

41.     At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

42.     At all relevant times, Defendants employed Plaintiff and the collective action members, within the meaning of the FLSA.

43.     Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

44.     Plaintiff, Lidia Vicente Hidalgo, as well as other similarly situated employees, worked hours for which she was paid no wages; and at all other times, she was paid less than the statutory minimum hourly wage.

45.     At all relevant times, Plaintiff and others similarly situated, were paid a flat fee per shirt, in cash; she was not paid an hourly wage, and the restaurant did not keep track of her working hours using a time clock or similar system.

46.     At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff and similarly situated employees, for her hours worked.

47.     Defendants failed to pay Plaintiff and similarly situated employees, minimum wages in the lawful amount for her hours worked.

48.     Plaintiff, Lidia Vicente Hidalgo, was entitled to be paid at the rate of time and one-half the statutory minimum for all hours worked in excess of the maximum hours provided for in the FLSA.

49.     Defendants failed to pay Plaintiff and similarly situated employees, overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

50.     At all relevant times, Defendants had, and continues to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and similarly situated employees, for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

51.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and similarly situated employees, at the statutory minimum wage rate and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wages and overtime pay would financially injure them.

10

52.     Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

53.     Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff may be false or inaccurate, because Plaintiff was paid cash and did not document her hours.

54.     Defendants failed to properly disclose or apprise Plaintiff, Lidia Vicente Hidalgo, of her rights under the FLSA.

55.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

56.     Due to the intentional, willful and unlawful acts of the Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid minimum wages and overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

57.     Plaintiff is entitled to an award of her reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

58.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "57" of this Complaint as if fully set forth herein.

59.     At all relevant times, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

60.     Defendants knowingly and willfully violated Plaintiff's rights by failing to pay wages for all hours worked, and minimum wages in the lawful amount for hours worked.

61.     Defendants knowingly and willfully violated Plaintiff's rights by failing to pay overtime compensation at rates of not less than one and one-half times the statutory minimum rate of pay for each hour she worked in excess of forty (40) hours in a workweek.

62.     Defendants knowingly and willfully violated Plaintiff's rights by failing to pay "spread of hours" premiums for each day she worked in excess of ten (10) hours pursuant to New York State Department of Labor Regulations §§137-1.7; 142-2.4.

63.     Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants her unpaid minimum wages, unpaid overtime wages, unpaid "spread of hours" premium, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al*. and § 198. Plaintiff also seeks liquidated damages pursuant to New York Labor Law § 663(1).

### COUNT III
### [Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]

64.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "63" of this Complaint as if fully set forth herein.

65.     Upon information and belief, Defendants' record keeping practices were intended to, and did in fact, disguise the actual number of hours the employees worked, in order to avoid paying them for their full hours worked; and, overtime due.

66. Defendants willfully disregarded and purposefully evaded record keeping requirements of the New York Labor Law by failing to maintain accurate and complete timesheets, wage notices, and payroll records.

67. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day (i.e., a "wage notice").

68. Plaintiff was not provided with a proper, written, wage notice, as required by law.

69. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, with every payment of wages, of the dates of work covered, the rate of pay and basis thereof, hours worked, gross wages, deductions, allowances, and net wages.

70. Defendants did not provide Plaintiff, with accurate written statements properly accounting for her actual hours worked and setting forth her hourly rate of pay, regular wages, and/or overtime wages.

71. Defendants willfully disregarded and purposefully evaded record keeping requirements of the New York Labor Law by failing to maintain accurate timesheets and payroll records.

72. Defendants' failure to provide an accurate annual wage notice entitles Plaintiff to statutory damages of fifty dollars ($50.00) per week for each work week the violation continued to occur, to a maximum of five thousand dollars ($5,000). New York Labor Law § 198(1-b).

73.     As a result of Defendant's violations of New York Labor Law § 195(3), Plaintiff may recover damages of one hundred dollars for each work week Defendants failed to provide Plaintiff with wage notices, not to exceed a total of five thousand dollars ($5,000), together with costs and reasonable attorney's fees in accordance with New York Labor Law § 198 (1-d).

74.     Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act and as such are liable for civil penalties, attorneys' fees, and costs.

75.     Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act, and as such, are liable for civil penalties, attorneys' fees, and costs.

## PRAYER FOR RELEIF

**WHEREFORE**, Plaintiff, Lidia Vicente Hidalgo, on behalf of herself and other similarly situated employees, respectfully requests that this Court grant the following relief:

(a)     An award of unpaid wages and minimum wages due under the FLSA and New York Labor Law;

(b)     An award of unpaid overtime wages due under the FLSA and New York Labor Law;

(c)     An award of unpaid "spread of hours" premiums due under the New York Labor Law;

(d)     An award of liquidated damages as a result of Defendants' knowing and willful failure to pay minimum wages and overtime compensation pursuant to 29 U.S.C. § 216;

(e)     An award of liquidated damages and statutory penalties as a result of Defendants' failure to pay minimum wages, overtime compensation, and "spread of hours" premiums pursuant to the New York Labor Law;

(f)     An award of prejudgment and post-judgment interest;

(g)     An award of costs and expenses associated with this action, together with reasonable attorneys' fees; and,

(h)     Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues.

Dated: New York, New York
       August 2, 2021

Respectfully submitted,

CILENTI & COOPER, PLLC
**Counsel for Plaintiff**
200 Park Avenue – 17th Floor
New York, NY 10166
Telephone  (212) 209-3933
Facsimile. (212) 209-7102
E-mail: pcooper@jcpclaw.com

By:     _____
        Peter Hans Cooper (PHC 4714)

15

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, _Lidia Vicente_, am an individual currently or formerly employed by

_Taco Inn_____, and/or related entities.  I consent to be a plaintiff in

the above-captioned action to collect unpaid wages.

Dated: New York, New York
      July 21, 2021

## NOTICE OF INTENTION TO ENFORCE MEMBER
## LIABILITY FOR SERVICES RENDERED

To:    Margarita Ortez

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Lidia Vicente Hidalgo intends to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of Taco Inn Corp., for all debts, wages and / or salaries due and owing to them as laborers, servants, and / or employees of said corporations, for services performed for said corporation within six (6) years preceding the date of this notice, and have expressly authorized the undersigned, as his attorney, to make this demand on his behalf.

Dated: New York, New York
           August 2, 2021


                                                    Respectfully submitted,


By:      _____
                    Peter H. Cooper  (PHC 4714)

          CILENTI & COOPER, PLLC
          **Counsel for Plaintiff**
          200 Park Avenue – 17th Floor
          New York, NY 10166
          Telephone  (212) 209-3933
          Facsimile. (212) 209-7102
          E-mail: pcooper@jcpclaw.com